IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HUBERT CALVIN CUMMINGS, | ) | |
| # 2164165, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv89-TMH |
| | ) | (WO) |
| KENNETH JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 8) in which they argue, among other things, that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Hubert Calvin Cummings ("Cummings") on January 25, 2012, is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1) (setting forth one-year limitation period). The respondents contend that because the state conviction Cummings challenges became final in 2009 – after the April 1996 enactment of the statute of limitations – Cummings must have filed any federal habeas petition within one year of the convictions' becoming final, exclusive of the time any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents acknowledge that Cummings challenged his conviction by a state post-conviction Ala.R.Crim.P. 32 petition filed in the trial court. However, the respondents maintain that, even allowing a tolling of the limitation period during the pendency of state-court

proceedings on Cummings's Rule 32 petition, the one-year federal limitation period expired well before Cummings filed the instant federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001). The respondents therefore maintain that Cummings's petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

Title 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits submitted by the respondents indicate that Cummings was convicted

following a jury trial in the Houston County Circuit Court on May 20, 2008, on charges of first-degree assault.  The trial court imposed a sentence of 30 years in prison on July 11, 2008.  On March 6, 2009, on direct appeal, Cummings's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals.  (Exh. E.)  Cummings's application for rehearing was denied on March 27, 2009.  (Exh. F.)  He did not seek certiorari review in the Alabama Supreme Court.  The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on April 15, 2009.  (Exh. G.)

Under the circumstances, Cummings's conviction became final on April 15, 2009, upon the Alabama Court of Appeals' issuance of the certificate of judgment.  *See* Ala.R.App.P. 40(c).  Accordingly, the one-year federal limitation period for Cummings to file a § 2254 habeas petition began to run on that same date.

On or around August 11, 2009, Cummings filed a Rule 32 petition in the trial court challenging his conviction, thereby tolling the limitation period for filing a § 2254 petition.  (Exh. H at 26.)  At that time, the one-year limitation period for filing a § 2254 petition had run for **118 days**.  The trial court denied Cummings's Rule 32 petition on June 1, 2010.  Cummings appealed, and on December 10, 2010, the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  (Exh. K.)  Cummings's application for rehearing was denied on January 7, 2011.  (Exh. L.)  He did not seek certiorari review in the Alabama Supreme Court.  The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on January 26, 2011.  (Exh. M.)

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Cummings's Rule 32 petition was pending in the state courts from ..., until January 26, 2011. On January 26, 2011, Cummings had **247 (365 - 118) days** remaining within which to file a timely federal habeas petition. The limitation period began to run again for Cummings on January 26, 2011, and ran unabated before expiring 247 days later, on **September 30, 2011.**

As noted above, Cummings did not file his § 2254 habeas petition until January 25, 2012. Under the circumstances, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired before Cummings his petition. Accordingly, it is

**ORDERED that on or before April 5, 2012,** Cummings shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1), and for the other reasons asserted in the respondents' answer.

Done this 15th day of March, 2012.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE