IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HUBERT CALVIN CUMMINGS, | ) | |
| # 2164165, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv89-TMH |
| | ) | (WO) |
| KENNETH JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case before the court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Alabama inmate Hubert Calvin Cummings ("Cummings") on January 25, 2012.[1] In this petition, Cummings presents claims challenging the constitutionality of his 2008 conviction in the Houston County Circuit Court for the offense of first-degree assault.

Pursuant to the orders of this court, the respondents filed an answer (Doc. No. 8) in which they argue that Cummings's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d).[2] On March 15, 2012, this

---

[1] Although the petition was stamped as received in this court on January 30, 2012, Cummings represents that he placed the petition in the prison mailing system on January 25, 2012. *See* Doc. No. 1 at 15. Applying the "mailbox rule," and no evidence to the contrary, this court deems the petition as filed on the date Cummings says he placed it in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996
(continued...)

court ordered Cummings to show cause why his petition should not be dismissed for his failure to file within the applicable one-year limitation period (Doc. No. 10). Cummings filed a response to this court's order, in which he suggests that his ignorance of the law impeded his ability to file a timely habeas petition. Doc. No. 14 at 1-2. In addition, he suggests that the limitation period in 28 U.S.C. § 2244(d) is unconstitutional. *Id*. at 3-4. Upon review of the pleadings and evidentiary materials filed in this case and the applicable law, the court concludes that no evidentiary hearing is required and that Cummings's federal habeas petition is due to be denied as untimely.

## DISCUSSION

Title 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

²(...continued)
("AEDPA"). This Act became effective on April 24, 1996.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 2244(d)(1)(A) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. *See* 28 U.S.C. § 2244(d)(1)(A).

Cummings was convicted of first-degree assault on May 20, 2008, following a jury trial in the Houston County Circuit Court. The trial court imposed a sentence of thirty years in prison on July 11, 2008. On March 6, 2009, on direct appeal, Cummings's conviction was affirmed by the Alabama Court of Criminal Appeals. Ex. E. Cummings's application for rehearing was denied on March 27, 2009. Ex. F. He did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on April 15, 2009. Ex. G.

By operation of law, Cummings's conviction became final on April 15, 2009, upon the Alabama Court of Criminal Appeals' issuance of the certificate of judgment. *See* Ala.R.App.P. 40(c). The one-year limitation period contained in § 2244(d) began to run when Cummings's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, absent statutory or equitable tolling, the federal limitation period expired on April 15, 2010.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Because Cummings's conviction became final in 2009, he was required to file his § 2254 petition within one year after his conviction became final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in state court. The respondents acknowledge (*see* Doc. No. 8) that Cummings challenged his assault conviction by a post-conviction petition filed in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. However, the respondents maintain that, even allowing a tolling of the limitation period during the pendency of state-court proceedings on Cummings's Rule 32 petition, the one-year federal limitation period expired well before Cummings filed the instant federal habeas petition. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Section 2244(d) contains a stop-start provision requiring the court to consider any time during which no state action is pending. On August 11, 2009, Cummings filed a Rule 32 petition in the trial court challenging his conviction, thereby tolling the limitation period for filing a § 2254 petition. Ex. H-Part 1 at 26. At that time, the one-year limitation period for filing a § 2254 petition had run for 118 days (from April 15, 2009, to August 11, 2009). The

4

trial court denied Cummings's Rule 32 petition on June 1, 2010. Cummings appealed, and on December 10, 2010, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Ex. K. Cummings's application for rehearing was denied on January 7, 2011. Ex. L. He did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on January 26, 2011. Ex. M.

Cummings's Rule 32 petition was pending in the state courts from August 11, 2009, until January 26, 2011. On January 26, 2011, Cummings had 247 (365 - 118) days remaining within which to file a timely federal habeas petition. The limitation period began to run again for Cummings on January 26, 2011, and because Cummings filed no further applications for state post-conviction review, the limitation period ran unabated before expiring 247 days later, on September 30, 2011.[3] As noted above, Cummings did not file his federal petition until January 25, 2012 – several months after the limitation period had expired.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*,

---

[3] The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Cummings. There is no evidence that any unconstitutional or illegal State action impeded Cummings from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Cummings also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Cummings does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

177 F.3d 1269, 1271 (11th Cir. 1999). *See also Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 F. App'x at 882; *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001). The United States Supreme Court recently confirmed that the AEDPA's one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his response to this court's show-cause order, Cummings suggests that his ignorance of the law impeded his ability to file a timely habeas petition. *See* Doc. No. 14 at 1-2. In addition, he suggests, rather cursorily, that the limitation period in 28 U.S.C. § 2244(d) is an unconstitutional provision that violates his rights to due process and equal protection. *Id.* at 3-4.

It well settled that ignorance of the law is an insufficient ground on which to toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance

6

of the law is not a basis for equitable tolling of statute of limitation); *March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse an untimely habeas petition); *United States v. Galvan*, 408 F. App'x 224, 225 (10th Cir. 2011) (ignorance of the law does not excuse untimely 28 U.S.C. § 2255 motion).

Cummings's challenge to the constitutionality of § 2244(d) is equally unfounded. Cummings fails to develop any meaningful due process or equal protection argument. Section 2244(d) applies to all persons in custody pursuant to a judgment of a state court. The purpose of the limitation period is to promote federal-state comity by promoting the finality of state court judgments. Clearly, Congress had a rational basis for passing such a statute. Cummings's due process and equal protection argument is without merit. Moreover, Cummings fails to show that he was prevented from filing a timely § 2254 petition by the alleged unconstitutional impediment. *See Walker v. Culliver*, No. 3:07cv62-WHA, 2008 WL 5044559 at *4-5 (M.D. Ala. Nov. 21, 2008); *Drach v. Bruce*, 305 F. App'x 514, 517-18 (10th Cir. 2008).

There is nothing before this court that demonstrates the presence of "extraordinary circumstances" and the exercise of due diligence by Cummings to warrant equitable tolling of the limitation period. Consequently, the court concludes that Cummings is not entitled to equitable tolling. Under the circumstances of this case, the one-year limitation period contained in § 2244(d) expired on September 30, 2011 – several months before Cummings filed his habeas petition. Because Cummings did not file his § 2254 petition until January

25, 2012, his petition is time-barred and this court may not address the merits. The court further concludes that Carter has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 28, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 14th day of February, 2014.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE